IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

PRIMERICA LIFE INSURANCE
COMPANY
1 Primerica Parkway
Duluth, Georgia  30099,

    Plaintiff,

 v.                                       Case No. 5:23-cv-27

LEUNTA LICH
5615 Brookstone Street, N.W.,                  Judge
Canton, Ohio  44718,

and

DAVID D. TEETERS
2685 Township Road 275
Amsterdam, Ohio  43903,

    Defendants.

## COMPLAINT FOR INTERPLEADER RELIEF

    COMES NOW Plaintiff, Primerica Life Insurance Company ("PLIC"), for its Complaint for Interpleader Relief, and states and alleges as follows:

### PARTIES

    1.    PLIC is a Tennessee corporation with its principal place of business in Georgia.

    2.    Upon information and belief, Defendant Leunta Lich ("Ms. Lich") is a citizen of the State of Ohio, and the ex-spouse of Dustin John Teeters (the "Decedent").

    3.    Upon information and belief, Defendant David D. Teeters ("Mr. Teeters") is a citizen of the State of Ohio, and is the father of the Decedent.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between PLIC and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(1), because the Defendants reside in this District and Division.

## FACTUAL ALLEGATIONS

6. On or about December 4, 2019, the Decedent completed an Application for Life Insurance with PLIC (the "Application"). A copy of the Application is attached as "Exhibit 1."

7. In the Application, Ms. Lich was designated as the 80% primary beneficiary of the coverage on the Decedent's life, and Mr. Teeters was designated as the 20% beneficiary of the coverage on the Decedent's life.

8. On December 29, 2019, PLIC issued life insurance policy No. 0491598381 to the Decedent as primary insured and policy owner (the "Policy"). A copy of the Policy is attached as "Exhibit 2."

9. Upon information and belief, on or about June 20, 2020, the Decedent married Ms. Lich.

10. Upon information and belief, on or about August 31, 2022, the marriage of the Decedent and Ms. Lich ended by entry of a Final Decree of Divorce in the Court of Common Pleas of Stark County, Ohio.

11. Upon information and belief, the Decedent died on or about September 16, 2022, at which time the benefit on his life under the Policy was $600,000 (the "Benefit").

12. On or about October 6, 2022, PLIC received a Claimant's Statement executed by Ms. Lich seeking to be paid the Benefit.

13. On or about October 10, 2022, PLIC received a Claimant's Statement executed by Mr. Teeters seeking to be paid the Benefit.

14. The State of Ohio has enacted legislation that provides that a beneficiary designation in favor of a former spouse is deemed to be revoked upon the entry of an order of dissolution of marriage.

15. As a result of the Decedent's death, the Benefit is due and payable.

16. Ms. Lich and Mr. Teeters dispute which of them is the proper beneficiary of the Decedent's coverage under the Policy, and each has demanded payment of all and/or a portion of the Benefit.

17. Due to the conflicting claims and demands for the Benefit, PLIC has not paid the Benefit to either of the Defendants in this action, because PLIC is in doubt as to whether the Benefit or portions of the Benefit are payable to Ms. Lich and/or Mr. Teeter.

## **COUNT I - INTERPLEADER**

18. PLIC adopts and incorporates by reference paragraphs 1 through 17 above as if fully set forth herein.

19. At this time, there exist rival, adverse, and conflicting claims between the Defendants.

20. PLIC has done nothing to create the dispute over the Benefit.

21. Due to the conflicting claims and demands for the Benefit on the life of the Decedent, PLIC is unable to determine which of the Defendants is entitled to the Benefit, is in

danger of being exposed to double liability, and cannot safely pay the Benefit without the aid of this Court.

22. PLIC has no interest in the Benefit, is indifferent to the respective claims hereto and, therefore, is entitled to interplead the Benefit into the Registry of the Court and be discharged from this action.

23. This cause is not brought in collusion with any party in this action, and PLIC has no beneficial interest in the Benefit.

24. PLIC is ready, willing, and able to deposit the Benefit into the Court's Registry, or to any other custodian or trustee the Court deems proper.

25. PLIC is a disinterested stakeholder with respect to the Benefit and claims no beneficial interest therein except for attorneys' fees and costs permitted by law.

26. PLIC respectfully seeks the Court's permission to deposit the Benefit into the Court's Registry.

WHEREFORE, PLIC respectfully requests the following relief:

1. That this Court permit PLIC to deposit the Benefit with the Registry of the Court;

2. That the Court require the Defendants to interplead as to their rights and settle or litigate between themselves their claims and rights to the Benefit;

3. That PLIC be discharged from all liability to the Defendants in this action concerning PLIC's obligations pursuant to the Policy or the Benefit;

4. That the Defendants be enjoined and prohibited from instituting any actions against PLIC and/or its agents, affiliates, employees, and servants, regarding the Policy or the Benefit;

5. That PLIC be awarded costs and reasonable attorneys' fees to be paid from the Benefit;

6. That PLIC be dismissed as a party to this action with prejudice; and

7. That PLIC be granted such other and further relief as this Court deems just, equitable and proper.

/s/ Sabrina Haurin
Sabrina Haurin (0079321)
Evan C. Ecos (0097742)
BAILEY CAVALIERI LLC
One Columbus
10 West Broad Street, Suite 2100
Columbus, Ohio 43215-3422
Telephone: (614) 221-3155
Telefax: (614) 221-0479
shaurin@baileycav.com
eecos@baileycav.com
Counsel for Plaintiff Primerica Life Insurance Company